IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY BAILEY-BANKS,**<br><br>Petitioner,<br><br>v.<br><br>**W.L. MONTGOMERY,**<br><br>Respondent. | 1:15-cv-01839-AWI-MJS (HC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PETITIONER'S MOTION TO STAY AND ABEY PETITION**<br><br>**(ECF NOS. 27; 28)**<br><br>**FOURTEEN DAY OBJECTIONS DEADLINE** |

Petitioner is a state prisoner proceeding pro se with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his June 7, 2012 conviction for robbery, burglary, accessory after the fact, and receiving stolen property. (ECF No. 1.) He raises eight grounds for review in the petition: (1) Federal violation of confrontation rights; (2) Prosecutorial misconduct; (3) Prejudicial jury instructions; (4) Jury misconduct; (5) Accessory after the fact and principal to the same felony act; (6) Ineffective assistance of counsel; (7) Failure to instruct jury on lesser included offense; and (8) Failure to prove prior strike. (ECF No. 1 at 5-7.)

The Court conducted a preliminary review of the petition and ordered Respondent to file a response. (ECF No. 10.) On May 12, 2016, Respondent filed an answer. (ECF No. 21.) On July 31, 2017, Petitioner filed a motion to stay and abey the petition while he

exhausted additional claims in state court. (ECF Nos. 27; 28.)[1] Respondent opposes this motion. (ECF No. 29.)

For the reasons outlined below, the Court recommends[2] that the motion to stay be denied without prejudice.

**I.    Motion to Stay**

Petitioner's brief motion states, in full:

> I would like to stay and abey Federal Petition Case # (1:15cv01839-AWI-MJS HC) I [am] currently . . . exhausting claims in Superior Court case #HC015533A.
>
> Rhines v. Weber, [544 U.S. 269] (2005) permits this Court to stay the instant petition while Petitioner exhausts his claims in the state courts.

(ECF Nos. 27; 28.)

Respondent opposes the motion on the ground that Petitioner's brief motion omits the obligation under Rhines to demonstrate good cause for the delayed presentation of the claims to the state court. (ECF No. 29.)

Petitioner did not file a reply in support of the motion or provide any additional information concerning this motion.

**A.    Stay and Abeyance Procedures**

A district court has discretion to stay a petition which it may validly consider on the merits. Rhines v. Weber, 544 U.S. 269, 276 (2005); King v. Ryan, 564 F.3d 1133, 1138–39 (9th Cir. 2009). A petition may be stayed either under Rhines, or under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). King v. Ryan, 564 F.3d 1133, 1138–41 (9th Cir. 2009).

Under Rhines, the Court has discretion to stay proceedings; however, this

---

[1] Petitioner filed two identical documents on the same day requesting a stay. (ECF Nos. 27; 28.)

[2] The Ninth Circuit has found that "'a motion to stay and abey section 2254 proceedings' to exhaust claims 'is generally (but not always) dispositive of the unexhausted claims,'" and that Magistrate judge must present findings and recommendations to a District Court Judge, rather than rule on the motion. Bastidas v. Chappell, 791 F.3d 1155, 1163 (9th Cir. 2015); Mitchell v. Valenzuela, 791 F.3d 1166, 1173-74 (9th Cir. 2015). Accordingly, the undersigned is issuing findings and recommendations, as opposed to an Order.

discretion is circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Rhines, 544 U.S. at 276–77. In light of AEDPA's objectives, "stay and abeyance [is] available only in limited circumstances" and "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 277–78. A stay of a mixed petition pursuant to Rhines is required only if (1) the petitioner has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in dilatory litigation tactics. Id.

A petition may also be stayed pursuant to the procedure set forth by the Ninth Circuit in Kelly. 315 F.3d 1063. Under this three-step procedure: 1) the petitioner files an amended petition deleting the unexhausted claims; 2) the district court stays and holds in abeyance the fully exhausted petition; and 3) the petitioner later amends the petition to include the newly exhausted claims. See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). However, the amendment is only allowed if the additional claims are timely. Id. at 1140–41.

A stay under Rhines permits a district court to stay a mixed petition and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them in state court. In contrast, a stay pursuant to the three-step Kelly procedure allows a district court to stay a fully exhausted petition, and it requires that any unexhausted claims be dismissed. Jackson v. Roe, 425 F.3d 654, 661 (9th Cir. 2005). Additionally, the Kelly procedure remains available after the decision in Rhines, and is available without a showing of good cause. King v. Ryan, 564 F.3d at 1140.

**B.     Discussion**

Petitioner moves to stay this petition under Rhines. (ECF Nos. 27; 28.) However, the motion, as filed, is inadequate for this Court to grant Petitioner such relief. A stay of a mixed petition pursuant to Rhines is required only if (1) the petitioner has good cause for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there is no indication that the petitioner intentionally engaged in

dilatory litigation tactics. Rhines, 544 U.S. at 277-78. Petitioner's motion does not attempt to demonstrate good cause for his failure to exhaust, nor does it state which claim or claims[3] he is exhausting in state court. (ECF Nos. 27; 28.) Thus, as filed, the Court cannot determine whether there is good cause to stay or whether the unexhausted claim or claims is meritorious. Thus, the motion for a Rhines stay must be denied.

However, the Court will recommend that Petitioner be granted the opportunity to refile this motion pursuant to either Rhines or Kelly, addressing the above deficiencies.

The Court notes that "the Kelly procedure . . . is not premised upon a showing of good cause." King, 564 F.3d at 1140. However, "[a] petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely" under the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) statute of limitations.[4] King, 564 at 1140–41. Thus, the Kelly procedure, in contrast to the Rhines procedure, does not protect a petitioner's unexhausted claims from expiring during a stay and becoming time-barred in federal court. King, 564 F.3d at 1140–41; see also Duncan v. Walker, 533 U.S. 167, 172-75 (2001) (unlike the filing of a state habeas petition, the filing of a federal habeas petition does not toll AEDPA's statute of limitations). "[T]he Kelly procedure, unlike the Rhines procedure, does nothing to protect a petitioner's unexhausted claims from untimeliness in the interim." King, 564 F.3d at 1141.

If a newly exhausted claim is time-barred, it may be added in an amended petition only if it "relates back" to petitioner's original exhausted claims. However, a new claim

---

[3] A review of the petition indicates that the eighth claim -- failure to prove prior strike -- has not been raised before state courts. (ECF No. 1 at 7.) Whether this is the claim that Petitioner seeks a stay for is uncertain, since the motion does not state this. Additionally, the motion indicates that Petitioner is currently exhausting multiple "claims." (Id.)

[4] AEDPA's limitation period is calculated from the "latest" of four commencement dates. See 28 U.S.C. § 2244(d)(1)(A) (date on which the judgment became final); § 2244(d)(1)(B) (date on which the illegal state-action impediment to filing was removed); § 2244(d)(1)(C) (date on which the asserted constitutional right was initially recognized by the U.S. Supreme Court and made retroactive to cases on collateral review); and § 2244(d)(1)(D) (date on which the factual predicate of the claim could have been discovered through due diligence).

does not "relate back" to the original petition simply because it arises from "the same trial, conviction, or sentence." Mayle v. Felix, 545 U.S. 644, 662-64 (2005). Rather, the new claim must be of the same "time and type" as the original exhausted claims, and share a "common core of operative facts" with those claims. Id. at 659.

The decisions in both Kelly and Rhines "are directed at solving the same problem—namely, the interplay between AEDPA's one-year statute of limitations and the total exhaustion requirement first articulated in Rose v. Lundy, 455 U.S. 509 (1982)." King, 564 F.3d at 1136.

## II.  Conclusion and Recommendations

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Petitioner's motion to stay (ECF Nos. 27; 28) be DENIED with leave to refile.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   December 29, 2017            /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE